IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS KLEMM,

        Plaintiff,

   v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.
_____/

No.  CIV.S-04-2140 DAD

ORDER

        This action is before the court on plaintiff's motion for summary judgment and defendant's cross-motion to dismiss for lack of subject matter jurisdiction, or in the alternative for summary judgment.  For the reasons set forth below, the undersigned concludes that defendant's motion must be granted.

**PROCEDURAL BACKGROUND**

        On October 23, 1996, plaintiff Thomas M. Klemm applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), alleging a disability onset date of October 1, 1992.

1

(Transcript ("Tr.") at 17, 79-82.)  On December 7, 1996, the Commissioner denied plaintiff's application initially and plaintiff did not appeal.  (Tr. at 17, 27-30.)

On April 12, 2002, plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Act, respectively. (Tr. at 91-93, 339-41.)  Plaintiff again alleged a disability onset date of October 1, 1992.  The Commissioner denied plaintiff's applications initially and on reconsideration.  (Tr. at 6, 31-34, 36-39.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on May 29, 2003, at which time plaintiff was represented by counsel.  (Tr. at 343-90.)  On September 16, 2003, the ALJ issued a decision partially favorable to plaintiff. (Tr. at 13-22.)  In this regard, the ALJ denied plaintiff's request to reopen his 1996 application for Disability Insurance Benefits, finding that the doctrine of res judicata applied to the issue of plaintiff's disability from October 1, 1992, through the date the determination on the 1996 application became final on December 7, 1996. (Id.)  However, with respect to the 2002 applications the ALJ found plaintiff entitled to Title II disability benefits as of December 8, 1996, as well as Supplemental Security Income.  The ALJ entered the following findings in this regard:

> 1. The doctrine of res judicata applies to the issue of disability from October 1, 1992 through December 7, 1996, the date of the prior final determination. Thus, during this period, the claimant was "not disabled."

2

2. The claimant has not engaged in substantial gainful activity since December 8, 1996. The claimant met the disability insured status requirements of the Act through December 31, 1997.

3. The medical evidence establishes that the claimant has the following severe impairments: sleep apnea, degenerative arthritis in his knee, and obesity.

4. The claimant has no impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

5. The claimant's assertions concerning his ability to work are credible.

6. For the period from December 8, 1996 to May 26, 2003, the claimant retains the residual functional capacity to lift and carry 10 pounds maximum. He can sit for 6 hours in an 8-hour workday and stand/or sit for 2 hours in an 8-hour workday with the option to alternate between sitting and standing. He cannot work near heights or moving machinery. He falls asleep unpredictably and involuntarily during the day.

7. As of May 27, 2003, the claimant's residual functional capacity for the full range of sedentary work is reduced by additional limitations. Specifically, the claimant retains the residual functional capacity to lift and carry 10 pounds maximum. He can sit for 6 hours in an 8-hour workday and stand/or sit for 2 hours in an 8-hour workday with the option to alternate between sitting and standing. He cannot work near heights or moving machinery.

8. The claimant has been unable to perform the requirements of his past relevant work since December 8, 1996.

/////

|   |   |   |
|---|---|---|
| 9. | | On December 8, 1996, the claimant was age 43 and considered a younger individual. On April 28, 2003, the claimant was age 50 and considered an individual closely approaching advanced age. |
| 10. | | The claimant has a high school education. |
| 11. | | The claimant has a skilled work background, but does not have transferable skills. |
| 12. | | From December 8, 1996 to May 26, 2003, based on the claimant's residual functional capacity for this period, there were no jobs existing in significant numbers that he could perform. A finding of disabled is therefore reached within the framework of medical-vocational rules 201.00(h), 201.14, 201.21, and 201.28. |
| 13. | | From May 27, 2003 onwards, based on the claimant's residual functional capacity for this period and considering the claimant's additional limitations, there were no jobs existing in significant numbers that he could perform; a finding of disabled is therefore reached within the framework of medical-vocational rule 201.14. |
| 14. | | The claimant has been under a disability, as defined in the Social Security Act, since December 8, 1996 (20 CFR §§404.1520(t) and 416.920(f). |

(Tr. at 22-23.) The Appeals Council declined review of the ALJ's decision on September 3, 2004. (Tr. at 7-10.) Plaintiff then sought judicial review of the denial of his request to reopen his 1996 application for Disability Insurance Benefits by filing the complaint in this action on October 12, 2004.

/////

4

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(1) allows a party by motion to raise the defense that the court lacks "jurisdiction over the subject matter" of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979)(citations omitted). In the latter instance, no presumption of truthfulness attaches to plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988)(citations omitted). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

**ANALYSIS**

Defendant persuasively argues that the court lacks subject matter jurisdiction over this matter. District courts have jurisdiction to review only "final decisions" of the Commissioner made after a hearing. Califano v. Sanders, 430 U.S. 99, 108 (1977). "A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review." Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001)(citing Sanders, 430 U.S. at 107-09). See also Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995);

1  Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985) (District
2  courts "have no jurisdiction to review a refusal to re-open a claim
3  for disability benefits or a determination that such a claim is res
4  judicata."); Davis v. Schweiker, 665 F.2d 934, 935 (9th Cir. 1982).
5  There are limited exceptions to the general rule that a decision
6  based upon res judicata grounds cannot be reviewed by a district
7  court.  One such exception is that a district court may review the
8  Commissioner's decision not to reopen if the claimant has presented a
9  colorable constitutional claim.  Lester, 81 F.3d at 827; Gonzalez v.
10 Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990); Krumpelman, 767 F.2d
11 at 588; Thompson v. Schweiker, 665 F.2d 936, 941 (9th Cir. 1982).
12 The standard for stating a colorable claim is a low one.  Udd, 245
13 F.3d at 1099; Rolen v. Barnhart, 273 F.3d 1189, 1191 (9th Cir.
14 2001)("Because [plaintiff] claims that he lost benefits because he
15 was denied due process, and cites arguably relevant caselaw in
16 support of his due process claim, he satisfies this standard.").
17 Thus, "[w]here a claimant alleges that a prior determination should
18 be reopened because he suffered from a mental impairment and was not
19 represented by counsel at the time of the denial of benefits, he has
20 asserted a colorable constitutional claim."  Udd, 245 F.3d at 1099
21 (citing Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997)).
22        Plaintiff's one-page complaint contains no allegation that
23 the Commissioner violated his constitutional rights.  Rather, the
24 complaint alleges only that plaintiff is challenging an adverse
25 decision by the Commissioner.  Plaintiff's wide-ranging motion for
26 summary judgment does include an assertion that he lacked the mental

6

capacity to timely request review of the prior adverse determination. Such an assertion arguably amounts to the presentation of a colorable constitutional claim.  See Udd, 245 F.3d at 1099.  In this regard, the Ninth Circuit has explained:

> In 1991, SSA issued Ruling 91-5p ("SSR 91-5p"), which provides that if a claimant presents evidence that mental incapacity prevented him from requesting timely review of an administrative action, and the claimant had no one legally responsible for prosecuting the claim on his behalf at the time of the prior adverse action, SSA "will determine whether or not good cause exists for extending the time to request review." SSR 91-5p. "The claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review." SSR 91-5p. In making the 91-5p determination, the following four factors must be considered: (1) inability to read or write; (2) lack of facility with the English language; (3) limited education; and (4) any mental or physical condition which limits the claimant's ability to do things for him/herself. SSR 91-5p. In all cases, "[t]he adjudicator will resolve any reasonable doubt in favor of the claimant." SSR 91-5p.
>
> If it is determined, applying the proper criteria, that the claimant lacked the mental capacity to understand the procedures for requesting review, time limits are tolled "regardless of how much time has passed since the prior administrative action." SSR 91-5p. In such cases, the adjudicator must "take the action which would have been appropriate had the claimant filed a timely request for review." SSR 91-5p. Thus, "a finding of good cause [to extend the time for review] will result either in a determination or decision that is subject to further administrative or judicial review of the claim, or a dismissal (for reasons other than late filing) of the request for review, as appropriate." SSR 91-5p.

/////

7

> We review an ALJ's decision in a 91-5p hearing under the substantial evidence standard to determine whether the claimant lacked the requisite mental capacity at the time of the adverse benefits decision. Evans, 110 F.3d at 1483. If so, the termination of his benefits constitutes a due process violation. Id.

Udd, 245 F.3d at 1099-1100.

In this case it is undisputed that plaintiff had no attorney or other representative at the time of the denial of benefits. Plaintiff must, however, allege facts sufficient to establish that he suffered from a mental impairment that would have prevented him from seeking reconsideration of the adverse benefits determination. McDonald v. Barnhart, No. C 01-03738 WHA, 2002 WL 31663233 *3 (N.D. Cal. 2002). Plaintiff has not done so here.[1]

Specifically, there is no medical evidence in the record indicating that plaintiff suffered from a mental impairment at the time of the denial of his 1996 application. That medical evidence includes records from 1991 reflecting that plaintiff was treated at that time for physical conditions such as a obesity, back strain and kidney stones, but not for any mental condition. (Tr. at 161-71). There also is a November 16, 1996, consultation report from Jeffrey Critchfield, M.D. who assessed plaintiff as suffering with "back pain" and "knee problems" (Tr. at 172-75); largely normal November 20, 1996, x-ray results concerning plaintiff's low back and right

---

[1] The court notes that defendant has moved in the alternative for summary judgment. For the reasons set forth above, substantial evidence in the record supports the ALJ's determination that plaintiff did not lack the requisite mental capacity at the time of the adverse benefits decision.

8

knee (Tr. at 176); and a Physical Residual Functional Capacity Assessment form dated December 3, 1996, reflecting diagnoses of degenerative joint disease of the right knee and a lumbar strain (Tr. at 177-84).[2]

With respect to lay evidence, an undated letter from plaintiff's son appears in the administrative transcript.  (Tr. at 151.)  In the letter plaintiff's son describes plaintiff as having been disoriented, confused and often "in a daze" due to pain and a sleep disorder during the period from March of 1996 to February of 1997.  (Id.)  Another undated letter from plaintiff's parents vaguely refers to their concern for plaintiff's "mental state" in 1996 and their observations that plaintiff was "depressed" and "withdrawn" due to pain.  (Tr. at 152.)  Even if these letters are found to be totally credible, they show only that in 1996 plaintiff suffered from a number of serious physical ailments which caused him to be depressed.  Such evidence falls far short of showing that plaintiff "lacked the mental capacity to understand the procedures for requesting review."  Evans, 110 F.3d at 1483 (9th Cir. 1997) (substantial evidence supported determination that claimant was not

---

[2] Dr. Critchfield's report and the Physical Residual Functional Capacity Assessment form indicate that plaintiff was able to stand and walk anywhere from two to four hours in an eight-hour workday. Thus, any suggestion that plaintiff's obesity, back pain and knee problems at the time of the initial denial rendered him immobile and physically unable to pursue an appeal is not supported by the record. Moreover, the relevant inquiry is whether plaintiff had the "mental capacity to understand the procedures" and "take the steps necessary to pursue an appeal." Udd, 245 F.3d at 1100-01, 1102. Substantial evidence supports the ALJ's determination that plaintiff had the requisite mental capacity at the time of the denial to pursue review.

9

so mentally impaired at the time of his first two application denials that not reopening would constitute a denial of due process).

It is worth noting that the Disability Report completed by plaintiff in connection with his 1996 application indicates only that he suffers from disabling conditions related to his "bad back [and] both knees" and that he is in "too much pain constantly." (Tr. at 99.) No mental impairment of any kind is alleged. The same report also reflects plaintiff's attendance at "numerous technical schools" and his management experience, a background that at least suggests plaintiff was otherwise capable of following through on the relatively simple task of appealing the initial denial of his 1996 application. (Tr. at 103.)

For all of these reasons, plaintiff has made an inadequate showing of a mental impairment that prevented him from seeking review of the denial of his 1996 application. He has thus failed to state a colorable constitutional claim.

The court recognizes that the ALJ did not specifically discuss Social Security Ruling ("SSR") 91-5p in his decision nor did he specifically find that plaintiff failed to establish "good cause" to reopen due to his failure to demonstrate that he was mentally incompetent at the relevant times. The ALJ also did not discuss the letters from plaintiff's family at any length.[3] The ALJ's decision was admittedly brief in declining to reopen, simply stating: "Since there is no evidence in the record that the claimant lacked the

---

[3] The ALJ referenced the letters in evaluating the evidence as to plaintiff's 2002 applications. (Tr. at 20.)

10

mental capacity to timely request review of the prior adverse determination, the prior determination is therefore not reopened or revised in any way by this decision." (Tr. at 17.) However, in light of the dearth of evidence in the record with respect to plaintiff's mental capacity, there was not much for the ALJ to say. Further, for the reasons just discussed, plaintiff's showing in the record does not rise to the level required by SSR 91-5p. See Udd, 245 F.3d at 1100 (finding "overwhelming evidence" in plaintiff's medical records that he lacked the mental capacity to understand the procedures for review given the evidence of schizophrenia, visual and auditory hallucinations, and loss of control of arms and legs). Therefore, to the extent the ALJ erred in failing to discuss SSR 91-5p or the letters from plaintiff's family in his decision, any such error was harmless.[4]  See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990); Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984).

Finally, plaintiff's argument that SSR 83-20 required the ALJ to hear medical expert testimony on the issue of whether plaintiff was able to appeal the initial denial in 1996 is misplaced. That ruling concerns hearing testimony from a medical advisor when the medical evidence is unclear regarding the onset date of

---

[4] The ALJ did hear testimony from plaintiff and questioned him regarding his condition in 1996. (Tr. at 345-50.)  The ALJ also cited an internal procedure manual on the issue of when administrative res judicata is available (Tr. at 17).  Thus, it is clear the ALJ was aware of the relevant issues and considered them, although the decision does not reflect his reasoning for finding that plaintiff did not lack the mental capacity to timely request review of the prior adverse determination.

11

disability.  See Armstrong v. Comm'r of Social Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998).  No such circumstances existed here. Therefore, plaintiff's argument regarding SSR 83-20 is rejected.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.   Defendant's motion to dismiss for lack of subject matter jurisdiction is granted;

2.   Plaintiff's cross-motion for summary judgment is denied; and

3.   The Clerk of the Court is directed to close the file.

DATED: March 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\klemm2140.order

12